IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON LAU, | No. CIV S-10-0549-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| CALIFORNIA NATIONAL GUARD, et al., | |
|     Defendants. | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

       This action was filed on March 8, 2010. At that time, plaintiff filed a request for leave to proceed in forma pauperis (see Doc. 2). On March 19, 2010, the court issued an order indicating that the application was deficient because plaintiff did not include a certified copy of his prison trust account statement as required by law. Plaintiff was provided 30 days to submit a complete in forma pauperis application. Plaintiff responded with separate applications filed on March 29, 2010, and April 7, 2010 (see Docs. 6 and 7). As with plaintiff's original application,

these applications failed to include a certified copy of plaintiff's prison trust account statement. On April 22, 2010, the court issued a second order providing plaintiff an opportunity to complete his in forma pauperis applications by submitting a certified copy of his trust account statement.

Plaintiff filed a fourth in forma pauperis application on May 3, 2010 (see Doc. 9). This application was also missing a certified copy of plaintiff's prison trust account statement and, on July 1, 2010, the court provided plaintiff another opportunity to submit a complete application. Plaintiff failed to comply and, on September 3, 2010, the court directed plaintiff to show cause within 30 days why this action should not be dismissed for lack of prosecution and failure to comply with court rules and orders. On September 30, 2010, the court extended the due date for plaintiff's response to October 23, 2010.

In response, plaintiff submitted a fifth in forma pauperis application on October 15, 2010 (see Doc. 27). As with all of plaintiff's prior applications, plaintiff has not attached a certified copy of his prison trust account statement. While plaintiff states that he has not been provided with such a statement by prison officials, he has not outlined his efforts to obtain the statement. Plaintiff has not otherwise shown good cause why this action should not be dismissed for lack of prosecution and failure to comply with court rules and orders.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,

1423 (9th Cir. 1986).

Having considered these factors, and in light of plaintiff's repeated failure to comply with the court's orders to resolve the fee status for this action, the court finds that dismissal is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders;

2. All pending motions are denied as moot; and

3. The Clerk of the Court is directed to enter judgment of dismissal and close this file.

DATED: October 22, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE